IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. JENKINS,

    Petitioner,

v.

BRIGITTE AMSBERRY,

    Respondent.

Case No. 2:16-cv-02314-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") to revoke his parole and impose a 180-month sanction. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#14) is denied.

## BACKGROUND

In three separate criminal cases in 1979 and 1980, the Multnomah County Circuit Court sentenced Petitioner to lengthy sentences for a variety of criminal conduct. All of these sentences were of an indeterminate nature because they were imposed pursuant to Oregon's old matrix scheme (which ended in 1989). The Board established a projected parole release date of March 5, 2013.

While Petitioner was serving his indeterminate sentences, he was convicted in Marion County of supplying contraband and sentenced to 15 months in prison as a guidelines sentence, to be served consecutively to his indeterminate matrix sentences. As a result, when the Board paroled him on March 5, 2013, it did not release him from custody and, instead, paroled him to the service of his indeterminate 15-month sentence.

While serving his 15-month sentence, Petitioner struck another inmate. This prompted the Board to revoke his parole and set a future disposition hearing for December 11, 2013. At the future disposition hearing, the Board imposed a 180-month

sanction based upon Petitioner's parole violation established a new projected release date of August 26, 2018.

Petitioner availed himself of the administrative appeal procedure, but the Board denied relief. Respondent's Exhibit 102, pp. 4-5. Petitioner then filed a judicial appeal, but the Oregon Court of Appeals affirmed the Board's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Jenkins v. Board of Parole and Post-Prison Supervision*, 248 Or. App. 447, 379 P.3d 854, *rev. denied*, 360 Or. 422, 392 P.3d 321 (2016).

On December 12, 2016, Petitioner filed this habeas corpus case. With the assistance of appointed counsel, Petitioner filed his Amended Petition on May 30, 2017 wherein he alleges two grounds for relief:

> 1. The Board violated Petitioner's right to due process when it exercised authority it did not have to revoke Petitioner's parole and impose a 180-month sanction; and
>
> 2. The Board violated Petitioner's right to due process when it arbitrarily applied Oregon's parole statutes and rules to revoke his parole and impose the 180-month sanction.

Respondent asks the Court to deny relief on the Amended Petition because Petitioner failed to adequately preserve these claims for federal habeas corpus review.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court

3 - OPINION AND ORDER

will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

During his judicial appeal, Petitioner argued that because his "release to parole" was actually a transfer to the service of

another prison sentence, he was not subject to any conditions of supervision such that the Board lacked authority to revoke his parole. He further argued that even if this was not the case, the Board unreasonably revoked his parole given the specific circumstances of his violation. However, Petitioner argued these claims only as issues of state law in both his Appellant's Brief and Petition for Review. Respondent's Exhibit 106, 108.

Petitioner acknowledges that he failed to fairly present his due process claims in state court, but asserts that it would have been futile to do so because he had unsuccessfully raised essentially identical claims in the federal due process context during his state court proceedings underlying *Jenkins v. Amsberry*, Case No. 2:17-cv-00375-SI. "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Accordingly, Petitioner's failure to failure present his claims, and resulting procedural default, are not excused. Because Petitioner presents only procedurally defaulted claims, he is not entitled to habeas corpus relief.[1]

///

///

---

[1] Even if Petitioner had fairly presented his claims, he would not be entitled to relief for the reasons identified in this Court's Opinion in *Jenkins v. Amsberry*, Case No. 2:17-cv-00375-SI.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#14) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 13th day of November, 2019.

_____
Michael H. Simon
United States District Judge